# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 04-32662-WRS
                                                         Chapter 11

DORSEY TRAILER COMPANY INC.,

             Debtor

DOUBLE A TRAILER SALES INC.,

             Plaintiff                                   Adv. Pro. No. 04-3109-WRS

      v.

DORSEY TRAILER COMPANY INC.,
ET AL.,
             Defendants

## <u>MEMORANDUM DECISION</u>

This Adversary Proceeding involves conflicting claims of priority in fifteen semi-trailers

which were manufactured by Dorsey Trailer Company, Inc., the Debtor in this bankruptcy

proceeding.  Defendant Wachovia Bank, N.A. (successor to Southtrust Bank, N.A.) claims that it

has a security interest in the trailers and Plaintiff Double A Trailer Sales, Inc., claims that it

purchased them free and clear of Wachovia's security interest.  This Adversary Proceeding is

before the Court upon cross-motions for summary judgment.  (Docs. 51, 52, 57–Double A),

(Docs. 52, 53, 55–Wachovia).  The Court finds that there are material facts in dispute and for that

reason, DENIES both motions.

# I.  FACTS

Plaintiff, Double A, is in the business of selling semi-trailers to retail purchasers.  Double A had a relationship with Dorsey, where Double A would purchase newly-manufactured trailers from Dorsey and in turn sell them to retail purchasers.  Dorsey manufactured semi-trailers at its facility in Elba, Alabama.

Dorsey Trailers was indebted to Southtrust Bank under a Standby Letter of Credit Agreement.  Pursuant to its agreement with Southtrust, Dorsey granted a security interest in substantially all of its assets, including raw materials, work in process and finished goods inventory.  Wachovia Bank subsequently acquired Southtrust Bank and is its successor in interest.  As Wachovia was called upon to honor the letter of credit upon Dorsey's default, it is a creditor in this bankruptcy proceeding.

Double A ordered ten semi-trailers from Dorsey in January of 2004, paying $227,605.00 for those trailers on January 16, 2004.  Later that same month, Double A ordered five additional trailers, and paid an additional $93,727.20.  On May 12, 2004, following Dorsey's refusal to deliver the trailers, Double A filed suit in the United States District Court for the Middle District of Alabama, seeking possession of the trailers and further seeking a determination that the security interest of Wachovia did not encumber the trailers.  Dorsey filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code on September 14, 2004.  (Case No. 04-32662).[1]

---

[1]  This Court has a considerable history with Dorsey and its Elba, Alabama manufacturing facility.  Trailers have been manufactured at the Opp facility for perhaps as many as 70 years. The original Dorsey, Dorsey Trailers, Inc., filed a petition in bankruptcy on December 4, 2000, initiating Case No. 00-6792.  The manufacturing facility and substantially all of its hard assets were sold in 2001, to the Fruehauf Trailer Corporation Retirement Plan.  (Case No. 00-6792,

After the bankruptcy petition was filed, the District Court referred Double A's civil action to this Court.

On November 18, 2004, the parties entered into an agreement, setting the parameters of this dispute. (Doc. 53, Ex. B). It was agreed that Double A could take possession of the trailers by posting a bond in the amount of $225,977.20. Thus, the parties are no longer arguing over who gets the trailers, as Double A has taken them. In lieu of the trailers, the parties are competing for the bond, the amount of which was arrived at by way of negotiation.

The parties had hoped to avoid this dispute. Wachovia held a first mortgage on the manufacturing facility. Had the bankruptcy estate been able to sell the manufacturing facility for enough to pay the debt owing to Wachovia, then Double A could have taken the trailers free and clear of Wachovia's security interest.[2] The dispute to be resolved by this Court is who gets the money.

---

Doc. 337). Dorsey Trailer Company, Inc., was formed by the Fruehauf Retirement Plan to operate the Opp facility. It should be noted that the Debtor Dorsey Trailer Company, Inc., is unrelated to the old Dorsey Trailers, Inc., except that they both manufacture "Dorsey" trailers and used the same facility. The second Dorsey manufacturer, Dorsey Trailer Company, Inc., filed the instant Chapter 11 proceeding on September 14, 2004. Interestingly, this second Dorsey also sold the facility. (Case No. 04-32662, Doc. 259). This latter sale was made to Pitts Enterprises, who is now operating the Elba facility and manufacturing "Dorsey" trailers. Double A has done business with all three Dorsey manufacturers.

[2] To be sure, paying off Wachovia may not have solved all of Double A's problems, as the estate, or the unsecured creditors, may have taken the position that Double A was still not entitled to the trailers, or the money substitute. As Wachovia was not paid off, this contingency is moot.

-3-

## II. LAW

### A. JURISDICTION

This Court has jurisdiction to hear this Adversary Proceeding pursuant to 11 U.S.C. § 1334. As this is in essence a proceeding to determine the priority of Wachovia's security interest *vis a vis* the interest of Double A, this is a core proceeding within the meaning 28 U.S.C. § 157(b)(2)(K) ("determinations as to the extent, validity and priority of liens"). Accordingly, this is a final order. See, 28 U.S.C. § 157(b)(1).

### B. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed . R. Civ. P., 56(c). The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed2d 538 (1986); In re Flowers, 391 B.R. 178, 180 (M.D. Ala. 2008).

### C. THE COMPETING CLAIMS OF WACHOVIA AND DOUBLE A

It is undisputed that Wachovia holds an indebtedness and a security interest in the subject trailers. Double A contends that it is a "buyer in the ordinary course" and takes its interest free

-4-

and clear of Wachovia's security interest. "A buyer in [the] ordinary course of business . . . takes free of a security interest created by the buyer's seller, even if the security interest is perfected and the buyer knows of its existence." Ala. Code § 7-9A-320(a). The issue is clear, if Double A is a buyer in the ordinary course, within the meaning of this statute, it prevails, if not, then Wachovia wins.

The term "buyer in the ordinary course" is defined by statute as follows:

> A person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person . . . in the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices . . . Only a buyer that takes possession of the goods or has a right to recover the goods from the seller under Article 2 may be a buyer in ordinary course of business.

Ala. Code § 7-1-201(9). Analysis of this statute in light of the facts of this case raises three questions. First, whether the purchase of the trailers was done in the ordinary course of the seller's business. Second, whether the buyer had possession of the goods. If the answer to the second question is no, the third question is whether the buyer has a right to recover the goods from the seller.

### 1. Ordinary Course of Business

At first glance, it appears that the sale of trailers was made in the ordinary course of business. Dorsey was in the business of manufacturing trailers and Double A was in the business

-5-

of selling newly manufactured trailers at retail. However, the Deposition of Mark Wannemacher, majority shareholder and president of Double A, reveals that there had been discussions between Double A and Dorsey whereby Double A had considered buying Dorsey. (Doc. 52, Ex. D). In January of 2004, at the time the trailers in question were manufactured and sold, Double A was conducting its due diligence, considering whether it should purchase Dorsey. Id. Wannemacher testified that upon closer examination of Dorsey's financial situation, Double A backed away from the purchase, as it was troubled by Dorsey's precarious financial situation. Id. If the proposed purchase of Dorsey was linked to the purchase of the trailers, it would not appear that the sale of trailers was in the ordinary course of Dorsey's business. See, Ala. Code § 7-1-201(9) ("a person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices"). Given the evidence submitted by the parties there is a material fact in dispute. Specifically, whether the sale of the trailers was in fact done in the ordinary course of business, or whether it was done in connection with the proposed purchase and sale of Dorsey.

### 2. Possession

If the purchase of the trailers was not made in the ordinary course of business, then the Court's inquiry is at an end and Wachovia prevails. On the other hand, if the purchase was made in the ordinary course, Double A must still prove that it had possession or the right to recover the goods. The evidence is undisputed here that the trailers were in the possession of Dorsey. Double A makes a claim that it had constructive possession, citing invoices and Manufactures

-6-

Statements of Origin.  However, this claim of constructive possession is belied by the fact that this Adversary Proceeding commenced as a suit for repleven in District Court which was filed several months prior to the Dorsey bankruptcy filing.  If Double A in fact had constructive possession, it would not have been necessary for it to bring suit to obtain possession.

The Court is troubled by the lack of evidence concerning the replevin suit.  If Double A had paid for the trailers, and if the trailers were substantially complete, why didn't Dorsey simply deliver the trailers as requested.  The pleadings filed while this matter was pending before the District Court clearly indicate that there was a dispute of some kind, but the record is unclear as to what was in dispute.  To put the matter differently, if Dorsey was unreasonably withholding possession, Double A may easily prevail on this issue.  On the other hand, if Dorsey's opposition to Double A's suit has merit, then Double A may not, in fact, have had a right to recover.  It is troubling that the record is silent on this issue as it appears, at this juncture, to be material.

### 3.  Right to Recover

If Double A has a right to recover the goods, it will have met the second prong.  On the other hand, if it does not have either possession or a right to recover the goods, it loses, even if it is otherwise a buyer in the ordinary course.  Double A argues that it has a right to recover, contending that it has paid for the goods and that they are "unique."  Ala. Code § 7-2-716(1).  To be sure, it appears that the trailers were specially ordered and did not simply roll of an assembly line having been mass produced.  Given the state of the evidence presently in the record, the

-7-

Court finds that as to the question of whether the goods are unique, the facts are in dispute, precluding an award of summary judgment for either party.

## III. CONCLUSION

The cross motions for summary judgment are denied as the Court has found that there are genuine issues as to material fact. Whether the sale of the trailers in question was made in the ordinary course of business is in dispute. If the sale of trailers was linked to the sale of the business, then it would appear not to be a sale in the ordinary course of business. In addition, it is not at all clear whether Double A had a right of possession of the trailers. The factual record is devoid of any evidence on this question. As a final matter, it appears that the facts are in dispute as to whether the trailers in question are unique. As these facts are in dispute, the motions for summary judgment will be denied by way of a separate order.

Done this 15th day of September, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Eric J. Breithaupt, Attorney for Plaintiff
   Von G. Memory, Attorney for Dorsey Trailer Co. Inc.
   Timothy M. Lupinacci, Attorney for Wachovia Bank

-8-

-9-